**Robert BEAN; Franklin Shaffer; David Autrey; Mack Roberts, Plaintiffs–Appellants,**

v.

**Donald SUNDQUIST; John Knox Walkup; Tennessee Wildlife Resources Commission; Gary Myers, Defendants–Appellees.**

No. 00–6653.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

These Tennessee litigants appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1988. The parties waive oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory relief and attorney's fees, plaintiffs sued the Governor of Tennessee (Donald Sundquist), the Attorney General of the State of Tennessee (John Knox Walkup), the Tennessee Wildlife Resources Commission, and the Director of the Tennessee Wildlife Resources Agency (Gary Myers) in their official capacities only. Plaintiffs claimed that wildlife classifications in Tenn Code. Ann. § 70–4–401 to § 70–4–417 are unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment.

The district court dismissed plaintiffs' federal action on the basis of res judicata, after finding that the same issue and cause of action had already been litigated by essentially the same parties and adjudicated by the Tennessee appellate courts.

A district court's decision with regard to res judicata is reviewed de novo. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994).

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Upon review, we conclude that Plaintiffs' complaint is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 n. 4, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) ("The doctrine of res judicata rests at bottom upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction."); *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir.1997). Res judicata is established with four elements; 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992).

These four elements have been met in this case. A court of competent jurisdiction rendered a final decision on the merits in an earlier action. The judgment of the Tennessee Court of Appeals in *Bean v. McWherter*, Appeal No. M1999–01493–COA–R3–CV (Tenn. Ct.App. Dec. 3, 1999 and Feb. 1, 2000), and the Tennessee Supreme Court's denial of plaintiffs' application for permission to appeal have preclusive effect on the instant action, because the vagueness and due process issues re-garding the wildlife classifications in Tenn. Code Ann. § 70–4–403 that are raised herein were litigated and decided by the state appellate courts. The later action involves essentially the same parties or their privies. The federal action raises issues actually litigated or which should have been litigated in the state action. Finally, there is an identity of the causes of action. Plaintiffs asserted in both lawsuits the unconstitutionality of Tennessee's statutes which regulate the possession and propagation of live wildlife. Thus, the elements of res judicata have been established, and the district court did not err in dismissing plaintiffs' claims against defendants on the basis of res judicata.

Accordingly, the district court's judgment is affirmed.